J-A15007-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB MATTHEW MALONE | : | |
| | : | |
| Appellant | : | No. 1318 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 18, 2022
In the Court of Common Pleas of Somerset County
Criminal Division at CP-56-CR-0000590-2020

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:                **FILED: July 28, 2023**

Jacob Matthew Malone (Appellant) appeals from the judgment of sentence imposed after he pled guilty to terroristic threats.[1]  We affirm.

In 2019 and early 2020, Appellant was incarcerated at SCI-Laurel Highlands and serving a prison sentence (Chester County sentence) related to his 2017 conviction of institutional sexual assault and other crimes.  One of Appellant's fellow inmates, Angelo Tomeo (Tomeo), contacted police and claimed Appellant had attempted to hire Tomeo to murder two people: the judge who imposed Appellant's Chester County sentence (Judge), and a

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2706(a)(3).

witness for the Commonwealth in that case (Pastor). Affidavit of Probable Cause, 2/25/20. At Appellant's guilty plea hearing, the parties agreed:

> Communications were made by [Appellant] with a cellmate to have cellmate commit crimes against Pastor and Judge, which was then communicated to both the Pastor and the Judge and created a reasonable possibility of both the Pastor and Judge changing their daily operations.

N.T., 10/26/21, at 5.

On October 26, 2021, Appellant and the Commonwealth entered into an open plea agreement: Appellant pled guilty to terroristic threats in exchange for the Commonwealth withdrawing the remaining charges. At the guilty plea hearing, the trial court admitted into evidence a written Guilty Plea Questionnaire that Appellant had completed with the assistance of counsel. *Id.* at 7-8. The trial court also conducted an oral colloquy, *id.* at 8-10, prior to accepting Appellant's guilty plea as knowingly and voluntarily tendered. *Id.* at 10. The court deferred sentencing for the preparation of a "modified" pre-sentence investigation report (PSI). *See id.* at 11-12 (Appellant agreeing to waive his right to a full PSI, and the trial court stating, "what I will do is direct the [Somerset County] Probation Department [(Probation Department)] to prepare a modified Pre-Sentence in the nature of a record check.").

The Probation Department PSI provided, with respect to Appellant's Chester County sentence, his release on parole, and his recommitment following filing of the charges in the instant case, as follows:

> **04-28-17**[:] Guilty plea/sentenced; … aggregate sentence of three (3) to six (6) years [in a] State Correctional Institution, five (5) years [of] probation consecutive.
> **11-19-21**[:] Paroled.
> **11-25-21**[:] Recommitted; all parole and release orders rescinded.

PSI, 11/3/22, at 12 (unnumbered).

Regarding the instant charges, the PSI stated:

> [Appellant's] bond was set at $500,000 [], which he has been unable to post. However, **he continues to serve the Chester County sentence[;] therefore, he is not eligible for incarceration credit on this case**.

*Id.* at 16 (unnumbered) (emphasis added).

On December 28, 2021, the trial court sentenced Appellant to 16 – 84 months in prison, within the standard range of the sentencing guidelines. The court ordered the sentence to run consecutively to Appellant's Chester County sentence, but concurrently with Appellant's pending, five-year sentence of probation. N.T., 12/28/21, at 9-10.

On January 6, 2022, Appellant filed a post-sentence motion for reconsideration of sentence. Appellant claimed the court failed to apply "credit towards his sentence for the time that he has spent in SCI Somerset." Post-Sentence Motion, 1/6/22, ¶ 4. One day later, the Commonwealth filed a motion to modify sentence, asserting there was a "facial[ly] apparent error in the language of the sentencing order." Motion to Modify Sentence, 1/7/22, ¶ 3; *see also id.* ¶ 2 (explaining the purported error).

The trial court held a hearing on the respective post-sentence motions on February 18, 2022. The court first addressed Appellant's motion:

[B]ecause this issue was raised [by the defense] …, I did ask the Probation Department to again look at this issue and to investigate whether or not [Appellant] was entitled to any credit for incarceration for time served with respect to the sentence in this case. And the Probation Department determined that he was not entitled to any incarceration credit on this sentence.

And I believe the reason for that, again, is that … [Appellant] had been paroled on his Chester County sentence; that he was then charged with the alleged crimes in [this] Somerset County case; as a result of that, the [Pennsylvania] Parole Board [(Parole Board)] put [Appellant] back into S.C.I.[-Somerset] based on the new charges that were filed on a parole detainer, and [**Appellant**] **was being detained in his Chester County case, not on the Somerset County case** necessarily; and any incarceration that occurred prior to [Appellant's] sentencing on December 28th, 2021, was time that was **allocated to his Chester County case** and not his Somerset County sentence.

So for those reasons, I am denying [Appellant's] Motion for Reconsideration of Sentence.

I will also add that the language that was in my original sentencing order directed the [Pennsylvania] Department of Corrections [("D.O.C." or "Department of Corrections")] to advise this court whether they believed [Appellant] was entitled to any incarceration credit with respect to the Somerset County sentence, and I did not receive any response or any information from the D.O.C.; and specifically, they did not notify me that [Appellant] was entitled to any credit.

N.T., 2/18/22, at 5-6 (emphasis added; some capitalization modified).

Next, the trial court addressed the Commonwealth's motion to modify sentence, which it granted. The court stated:

[Q]uite frankly, I was surprised [] to hear that the D.O.C. was aggregating these sentences and that [Appellant] would be eligible for parole very soon on the sentence that I imposed.

- 4 -

My clear intent was that [Appellant] would serve a minimum sentence of at least 16 months on the Somerset County charge[,] with that sentence beginning on the date of sentencing, which was December 28th, 2021.

In order to effectuate the intent of this court's sentence, I am going to issue an amended sentencing order today. Although that order is being entered today, it will have an effective date of December 28th, 2021, which was the original date of sentencing; and [Appellant] would be entitled to incarceration credit from December 28th, 2021, coming forward. But, nonetheless, it was clearly my intent, and still is today, that the minimum sentence in this case begin to run on December 28th, 2021, and then run prospectively with respect to [Appellant's] eligibility for parole in this case.

*Id.* at 8-9 (some capitalization modified).

The trial court resentenced Appellant and imposed the same incarceration term previously imposed (*i.e.*, 16 – 84 months in prison). ***Id.*** at 9-11. The court explained:

[Appellant] is not entitled to any credit on this sentence for any periods of incarceration that occurred prior to December 28th, 2021.

The reasons for the sentence are that it falls within the standard range of the sentencing guidelines; also, [Appellant] committed this offense while serving a state incarceration sentence; and [Appellant] threatened individuals who were associated with that case for which he is currently serving a state sentence, including the sentencing Judge; also, [Appellant's] actions have caused the [Pastor] to suffer emotionally and psychologically and to continue to fear for his life; and any lesser sentence would depreciate the seriousness of this offense.

*Id.* at 10-11 (some capitalization modified).[2]

On March 23, 2022, Appellant filed a facially untimely, *pro se* notice of appeal at 605 WDA 2022. **See** Pa.R.A.P. 903(a) (appeals must "be filed within 30 days after the entry of the order from which the appeal is taken."). Also, Appellant's counsel had filed a motion to withdraw his appearance on March 16, 2022, which the trial court subsequently granted.

On March 23, 2022, while still represented by counsel, Appellant filed a facially untimely, *pro se* "Motion for Post-Sentence Relief *Nunc Pro Tunc*." **See Commonwealth v. Staton**, 184 A.3d 949, 957 (Pa. 2018) ("no defendant has a constitutional right to hybrid representation, either at trial or on appeal." (citation omitted)); Pa.R.Crim.P. 720, cmt. ("No direct appeal may be taken by a defendant while his or her post-sentence motion is pending"); **but cf. Commonwealth v. Williams**, 241 A.3d 353, 355 (Pa. Super. 2020) ("where counsel has effectively discontinued working on a defendant's behalf, this Court has concluded that a *pro se* filing does not offend considerations of hybrid representation").

On April 4, 2022, the trial court denied Appellant's *pro se* post-sentence motion. On April 27, 2022, Appellant filed a second, *pro se* notice of appeal from the April 4, 2022 order. **See Commonwealth v. Jackson**, 283 A.3d 814, 816 n.1 (Pa. Super. 2022) ("In a criminal action, [an] appeal properly

---

[2] As we discuss below, the trial court did not advise Appellant of his post-sentence or appeal rights at this hearing or in the amended sentencing order.

- 6 -

lies from the judgment of sentence made final by the denial of post-sentence motions." (citation omitted)).  This Court docketed the appeal at 605 WDA 2022.

On August 10, 2022, this Court directed Appellant, at 605 WDA 2022, to show cause as to why the appeal should not be quashed as untimely, where Appellant filed his notice of appeal more than 30 days after the entry of the February 18, 2022, amended sentencing order.  Appellant's new counsel timely responded in correspondence filed August 19, 2022, detailing the unique procedural history discussed above.  This Court discharged the rule to show cause on August 26, 2022, and referred the matter to the merits panel.

Appellant presents two issues for review:[3]

I. Whether the [trial] court abused its discretion by implementing a local rule which categorically rejects negotiated plea agreements containing a set duration of confinement, and accepts only open plea agreements, where said local rule is inconsistent with statement rule [*sic*] 590[?]

II. Whether Appellant's sentence is illegal where the sentencing court: (1) refused to calculate time credit; (2) breached a non-delegable duty by ordering the Pennsylvania Department of Corrections to calculate time credit; and (3) unlawfully modified the sentence in violation of the negotiated plea agreement?

---

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant's Brief at 4 (some capitalization modified).[4]

Before we address Appellant's issues, we must determine whether his appeal is timely. ***Commonwealth v. Reid***, 235 A.3d 1124, 1170 (Pa. 2020) ("The timeliness of an appeal … [goes] to the jurisdiction of [an appellate] Court and its competency to act." (citation omitted)). As noted above, the trial court never advised Appellant of his post-sentence or appeal rights, at or after resentencing on February 18, 2022, in violation of Pa.R.Crim.P. 704(C)(3)(a) (mandating that at the time of sentencing, "[t]he judge **shall** determine on the record that the defendant has been advised … of the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights…." (emphasis added)); ***see also*** Pa.R.Crim.P. 720(B)(4)(a) ("An order denying a post-sentence motion … shall include notice to the defendant of … the right to appeal and the time limits within which the appeal must be filed"). We conclude that the trial court's failure to comply with the foregoing rules "constitutes a breakdown that

---

[4] We note Appellant purported to withdraw his first issue, days prior to oral argument, in a "reply brief" filed on June 20, 2023. We nevertheless address the issue, which Appellant preserved in his court-ordered Rule 1925(b) concise statement. Concise Statement, 6/8/22, ¶ 1.

excuses the untimely filing of Appellant's notice of appeal." ***Commonwealth***

***v. Patterson***, 940 A.2d 493, 499 (Pa. Super. 2007).[5, 6]

In his first issue, Appellant claims his "guilty plea is invalid," because it

"was not accompanied by the necessary colloquy."  Appellant's Brief at 12, 13

(some capitalization modified).  Appellant asserts:

> At no point in the proceeding did the lower court ask the Appellant any questions regarding giving up his right to a trial by jury, nor did the lower court inform him of the permissible ranges of sentences and fines his guilty plea carried.

***Id.*** at 13 (some capitalization modified).  According to Appellant, the court

_____

[5] Alternatively, we note that Appellant was incarcerated when he filed his *pro se* notice of appeal, dated March 18, 2022, *i.e.*, within the 30-day period of Rule 903(a), ***supra***.  Under the prisoner mailbox rule, a prisoner's *pro se* filing "is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021) (citation omitted)); Pa.R.A.P. 121(f) (same).

[6] In Appellant's appeal at 605 WDA 2022, he presents identical issues and an essentially identical brief.  Thus, we quashed 605 WDA 2022 as duplicative.

violated Pennsylvania Rule of Criminal Procedure 590.[7] *Id.* at 14 n.2 (stating trial court "fail[ed] to comply with Rule 590 in the form of an on-the-record colloquy").[8] Appellant cites this Court's decision in ***Commonwealth v. Prendes***, 97 A.3d 337 (Pa. Super. 2014), where we stated:

_____

[7] Rule 590 provides in relevant part:

> **(B)** Plea agreements.
>
> > **(1)** At any time prior to the verdict, when counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement….
> >
> > **(2)** The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.
> >
> > **(3)** Any local rule that is inconsistent with the provisions of this rule is prohibited, including any local rule mandating deadline dates for the acceptance of a plea entered pursuant to a plea agreement.

Pa.R.Crim.P. 590(B).

[8] Though Appellant does not develop this claim in his argument, he asserted in his statement of questions that the trial court improperly "implement[ed] a local rule which categorically rejects negotiated plea agreements containing a set duration of confinement …, [and] said local rule is inconsistent with [] rule 590[.]" Appellant's Brief at 4 (capitalization modified). We caution Appellant:

> When briefing the various issues that have been preserved, **it is an appellant's duty to present arguments that are sufficiently developed for our review**. ***Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa. Super. 2006). The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. ***Id.***; Pa.R.A.P. 2119(a), (b), (c). …

*(Footnote Continued Next Page)*

- 10 -

Under Rule 590, [a trial] court [presented with a guilty plea] should confirm, *inter alia,* that a defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) [] the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

*Id.* at 352; Appellant's Brief at 12-13. Appellant asks us to vacate his judgment of sentence so he may "withdraw his guilty plea." Appellant's Brief at 14 (footnote omitted).

This Court has detailed the relevant law as follows:

A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa. Super. 2005) [(*en banc*)]; Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. ***Morrison***, 878 A.2d at 108 (*citing* Comment to Pa.R.Crim.P. 590). "A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." ***Commonwealth v.***

_____

**This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Gould*, 912 A.2d at 873.** Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived. *Id.*; Pa.R.A.P. 2101.

***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) (emphasis added; some citations modified). Despite this defect, we decline to find waiver.

*Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citation omitted). The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. ***Commonwealth v. Myers***, 642 A.2d 1103, 1106 (Pa. Super. 1994). Moreover, "the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa. Super. 2010).

***Commonwealth v. Reid***, 117 A.3d 777, 782-83 (Pa. Super. 2015) (some citations modified; brackets omitted).

Instantly, the trial court explained its rejection of Appellant's challenge to his guilty plea:

[Appellant] contends that the court abused its discretion by implementing a local rule which categorically rejects negotiated plea agreements containing a set duration of confinement. The Court of Common Pleas of Somerset County **does not** have a local rule which categorically rejects negotiated plea agreements containing a set duration of confinement. Therefore, this court does not maintain a local rule that is inconsistent with statewide Rule 590 as alleged by [Appellant]. More importantly, **the record is clear that the Commonwealth and [Appellant] did not enter into a plea agreement that included a set duration of confinement**. On October 26, 2021[, Appellant] entered an open guilty plea to one count of terroristic threats, pursuant to 18 Pa.C.S. § 2706(a)(3), a felony of the third degree. There was no discussion, nor were there any negotiations, with regard to what [Appellant's] sentence would be. Furthermore, question No. 40 of the Guilty Plea Questionnaire was answered by [Appellant] in the affirmative and provides: "Do you understand that the Court is not bound by any plea bargain or agreement entered into by you and the District Attorney and that the decision as to what your sentence will be is solely that of the sentencing judge?" In the case of ***Commw. v. White***, 787 A.2d 108[8], 1091 (Pa. Super. 2001), the Pennsylvania Superior Court correctly recognized that[:]

> In the interests of the orderly administration of the criminal justice system[,] the right of the Commonwealth and a criminal defendant to enter into dispositional contracts, or plea agreements, is well recognized. While the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice.

> [*Id.*] **Although the court is free to reject a plea agreement if the court believes the terms of the plea agreement do not serve justice, that did not happen here**. In fact, the court accepted [Appellant's] guilty plea in open court and simply exercised it[]s discretion in fashioning a sentence within the standard range of the sentencing guidelines.

Trial Court Opinion, 6/15/22, at 1-2 (emphasis added; some capitalization modified; quotation to **White** indented). The trial court's reasoning is supported by the record and the law.

We further observe that the trial court conducted an oral colloquy of Appellant prior to accepting his guilty plea. **See** N.T., 10/26/21, at 8-10. Appellant also completed a thorough Guilty Plea Questionnaire, which the trial court admitted in connection with Appellant's plea. **Id.** at 6-7. Thus, there is no merit to Appellant's claim that his guilty plea was not accompanied by the requisite colloquy. Appellant has failed to carry his burden of proving the involuntariness of his plea. **See Pollard**, **supra**.

In his second issue, Appellant contends the trial court imposed an illegal sentence by failing to apply credit for time Appellant spent in prison before

- 13 -

trial. *See* Appellant's Brief at 14-17. Appellant quotes our decision in *Commonwealth v. Mann*, 957 A.2d 746 (Pa. Super. 2008), which stated:

> [A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer. If the defendant is incarcerated prior to disposition, and has both a detainer **and** has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court.

*Id.* at 751 (emphasis in *Mann*; citations omitted); Appellant's Brief at 16. Appellant claims: "Here, Appellant did have a [Parole] Board detainer, but did not satisfy bail. … Accordingly, 'the time he served prior to disposition of the new offense[] should have been credited to his new sentence.'" Appellant's Brief at 16 (quoting *Mann*, 957 A.2d at 751-52). Appellant emphasizes *Mann*'s holding that the "Department of Corrections, an executive agency, has **no power** to change sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested in the sentencing court." *Id.* at 15 (quoting *Mann*, 957 A.2d at 749 (emphasis added by Appellant)). Appellant asks us to vacate his judgment of sentence and "direct the [trial c]ourt to issue a sentencing order granting the Appellant time served." *Id.* at 17.

The Commonwealth counters that the record does not support Appellant's claim:

> [P]rior to December 28, 2021, [Appellant] was not in custody as a result of the instant charges. Rather, [Appellant] was in custody on the Chester County sentence. [Appellant] claims, that because he was briefly paroled on February 13, 2020, but recommitted … days later on February 25, 2020, due to the filing of the instant

- 14 -

charges, that he was thereafter held on a pending parole violation decision, or a "parole detainer." In fact, [Appellant] was not awaiting a parole violation decision. …

Commonwealth Brief at 9 (citations omitted); *id.* at 10 (claiming Appellant "was serving time on [Appellant's] Chester County sentence rather than the new charges"). We agree.

Appellant's claim implicates the legality of his sentence. ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) ("A challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence"). "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. White***, 268 A.3d 499, 500 (Pa. Super. 2022) (citation omitted). Our scope of review is *de novo*. ***Commonwealth v. Summers***, 245 A.3d 686, 697 (Pa. Super. 2021).

This Court has explained:

The Pennsylvania Sentencing Code, with regard to awarding credit for time served, provides in relevant part as follows:

### § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. Credit

- 15 -

> shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> \*\*\*
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S.A. § 9760(1), (4). This statute does not specifically contemplate credit for time served following a parole violation and revocation. Our Supreme Court has held, however, that this credit statute mandates an offender receive credit for all incarceration served before sentencing for which he is being detained in custody. ***Gaito v. Pa. Bd. of Probation and Parole***, … 412 A.2d 568 (Pa. 1980).

***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166-67 (Pa. Super. 2018).

Nonetheless, defendants are "not entitled to receive credit against more than one sentence for the same time served." ***Commonwealth v. Ellsworth***, 97 A.3d 1255, 1257 (Pa. Super. 2014) (citation and brackets omitted). "[S]uch 'double credit' is prohibited both by the statutory language of Section 9760 and the principle that a defendant be given credit only for time spent in custody for a particular offense." ***Id.*** (citation and ellipses omitted).

Here, the trial court competently explained:

> [Appellant] alleges that the court issued an illegal sentence by refusing to calculate [and apply] time credit. A review of the Sentencing Order and related transcript, dated December 28, 2021, indicates that the court determined that [**Appellant**] **was not entitled to incarceration credit for his Somerset County**

- 16 -

**case**. The court determined[] and was instructed by [the] Probation [Department], that [**Appellant's**] **prior incarceration was related to his Chester County case and his state parole revocation**. When pressed by [Appellant's] counsel [at sentencing, who claimed] that [Appellant] was due credit, the court simply provided that if the D.O.C. ([] Parole Board) disagreed and determined that [Appellant] was due credit in his Somerset County case[,] the D.O.C. could advise the court of the same in writing and the court would issue an amended sentencing order.

… The court did not breach a non-delegable duty by ordering the Pennsylvania D.O.C. to calculate time credit. As stated above, the court determined that [Appellant] was not entitled to incarceration credit on this case. At the request of defense counsel, the court did request that the D.O.C. review [Appellant's] parole status and advise this court if it believed that [Appellant] was entitled to credit. Furthermore, a review of the Sentencing Order and related transcript, dated December 28, 2021, and the Amended Sentencing Order and transcript, dated February 18, 2022, reveal that this court determined that [Appellant] was not entitled to credit. The court did not delegate that determination to the D.O.C.

Trial Court Opinion, 6/15/22, at 2-3 (emphasis added; some capitalization modified). The record supports the trial court's explanation.

Finally, we note that Appellant has failed to develop his claim, raised in his questions presented, that the trial court "unlawfully modified the sentence in violation of the negotiated plea agreement." Appellant's Brief at 4. This has hampered our review, and we will not act as Appellant's counsel. *Gould*, 912 A.2d at 873. Accordingly, the claim is waived. *Id.*

However, in the absence of waiver, we would conclude there is no merit to the claim. The trial court stated:

A review of the record will confirm that on February 18, 2022, this court decided [Appellant's] Motion for Reconsideration of Sentence, as well as the Commonwealth's Motion to Modify

Sentence. The court issued an Amended Sentencing Order on February 18, 2022, and sentenced [Appellant] to a sentence within the **standard range** of the sentencing guidelines. A review of the record will reveal that **there was no plea agreement that dictated whether the sentence would run concurrent or consecutive**. That determination is within the discretion of the sentencing court.

Trial Court Opinion, 6/15/22, at 3 (emphasis added). It is well-settled that "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). Based on the foregoing, Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judge Pellegrini joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2023