J-S37036-21

2022 PA Super 9

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
                                     :
                  v.                 :
                                     :
                                     :
COREY A. WHITE                       :
                                     :
            Appellant                :    No. 1092 EDA 2021

Appeal from the Judgment of Sentence Entered May 19, 2021
in the Court of Common Pleas of Lehigh County Criminal Division
        at No(s):  CP-39-CR-0000371-2020

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                    **FILED JANUARY 14, 2022**

Appellant, Corey A. White, appeals from the May 19, 2021 judgment of

sentence of 30 to 60 days' imprisonment, with immediate parole, and a $500

fine imposed after he pled guilty to one count of driving while operating

privilege is suspended or revoked (hereinafter, "DWS").[1]  After careful review,

we affirm the judgment of sentence.

The trial court summarized the relevant facts and procedural history of

this case as follows:

> On November 21, 2019, Appellant was arrested and
> charged with drug-related offenses as well as [DWS]
> pursuant to 75 Pa.C.S.A. § 1543(b)(1)(i).  Appellant
> entered a guilty plea to that offense on May 17, 2021.
> At the time of Appellant's plea, the Court deferred
> sentencing to May 19, 2021….  On May 19, 2021,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

Appellant was sentenced to a period of incarceration of 30 to 60 days with immediate parole, as well as a fine of $500.00. Appellant did not file a Motion for Reconsideration.

On May 24, 2021, Appellant filed a Notice of Appeal. On May 25, 2021, the Court directed Appellant to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his Concise Statement the same day.

[On June 21, 2021, the trial court filed its Rule 1925(a) opinion].

Trial court opinion, 6/21/21 at 2.

Appellant's sole issue on appeal is that the sentence imposed for DWS was illegal because the sentencing provision in Section 1543(b)(1)(i) is "unconstitutionally vague because it fails to specify the range of available sentences with sufficient clarity." Appellant's brief at 4, 15.

Our Supreme Court has recognized that a claim challenging whether a sentencing statute is unconstitutionally vague presents an illegal sentencing question. *Commonwealth v. Moore*, 247 A.3d 990, 993 (Pa. 2021). "A sentencing court does not have authority to sentence a defendant pursuant to an unconstitutionally vague sentencing statute." *Id.* at 997 (citations omitted). "The determination as to whether a trial court imposed an illegal sentence is a question of law; an appellate court's standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Crosley*, 180 A.3d 761, 771 (Pa.Super. 2018) (citation omitted), *appeal denied*, 195 A.3d 166 (Pa. 2018).

In the instant matter, Appellant relies primarily on our Supreme Court's recent decision in **Commonwealth v. Eid**, 249 A.3d 1030 (Pa. 2021), to support his argument. **See** Appellant's brief at 11-26. **Eid** involved a defendant who was found guilty of the summary offense of DWS by a person who refused a breath test and sentenced to 90 days to six months' imprisonment, pursuant to 75 Pa.C.S.A. § 1543(b)(1.1)(i). **Eid**, 249 A.3d at 1034. Section 1543(b)(1.1)(i) provided that a person convicted under this section "shall, upon first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of **not less than 90 days**." **Id.** § 1543(b)(1.1)(i) (emphasis added).

On appeal, our Supreme Court struck down Section 1543(b)(1.1)(i) as "unconstitutionally vague and inoperable," holding that the language 'not less than 90 days' did not provide for a maximum term of incarceration. **Eid**, 249 A.3d at 1044. The Court upheld the defendant's DWS conviction and the imposition of a $1,000.00 fine but vacated the incarceration portion of his sentence for that offense. **See id.** The **Eid** Court reasoned that that it refused to infer a maximum sentence because doing so would have forced it to "engage in sheer speculation as to which sentence the General Assembly intended." **Id.** at 1043 (citation omitted).

Unlike in **Eid**, Appellant in this matter was sentenced in accordance with Section 1543(b)(1)(i), which provides, in relevant part, as follows:

> A person who drives a motor vehicle on a highway or
> trafficway of this Commonwealth at a time when the

person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1)(i).

Our review indicates that this section is clearly distinguishable from Section 1543(b)(1.1)(i), which was at issue in *Eid*. Although both sections are graded as summary offenses and contain the "not less than" language highlighted in *Eid*, Section 1543(b)(1)(i) does not simply mandate a flat sentence like Section 1543(b)(1.1)(i). On the contrary, Section 1543(b)(1)(i) specifies the range of a defendant's protentional maximum sentence with sufficient clarity, noting that he or she "undergo imprisonment for a period of **not less than 60 days nor more than 90 days**." *Id.* § 1543(b)(1)(i) (emphasis added).

Here, Appellant was sentenced to 30 to 60 days' imprisonment and a $500 fine. At sentencing, the trial court determined that a reasonable construction of the sentencing provision set forth in Section 1543(b)(1)(i) was that the phrase "not less than 60 days nor more than 90 days" described the

potential maximum sentence, and sentenced Appellant as such. *See* notes of testimony, 5/19/21 at 11.

As the trial court further explained in its opinion:

> Section 1543(b)(1)(i) establishes a penalty which can reasonably be interpreted as a range within which a maximum sentence must fall. The legislature did not clearly and unequivocally set a minimum. Where a statute does not identify a specified minimum, courts interpret it as a legislative decision to vest the courts with the discretion to prescribe within statutory limits the maximum and minimum sentence to be served. The interpretation of Section 1543(b)(1)(i) advanced by the Commonwealth which the Court accepted and adopted falls within this guidance from our appellate courts.

Trial court opinion, 6/21/21 at 7-8 (citation and internal quotation marks omitted).

It is well settled law "that statutes enjoy[] a strong presumption of validity and will only be declared void if they clearly and plainly violate the Constitution, with all doubts resolved in favor of a finding of constitutionality." *Commonwealth v. Herman*, 161 A.3d 194, 205 (Pa. 2017) (citation omitted). Based on the foregoing, we agree with the trial court that Appellant's contention that Section 1543(b)(1)(iii) is unconstitutionally vague under *Eid* warrants no relief. Accordingly, we affirm the May 19, 2021 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esc.
Prothonotary

Date: 1/14/2022