J-S11043-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD CHARLES THORNTON | : | |
| | : | |
| Appellant | : | No. 1380 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000149-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD CHARLES THORNTON | : | |
| | : | |
| Appellant | : | No. 1381 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000074-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWARD C. THORNTON | : | |
| | : | |
| Appellant | : | No. 1382 WDA 2021 |

Appeal from the Judgment of Sentence Entered September 24, 2021
In the Court of Common Pleas of Warren County
Criminal Division at No(s): CP-62-CR-0000075-2021

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: AUGUST 9, 2022**

Edward Charles Thornton ("Thornton") appeals from the judgments of sentence imposed after he pled guilty in three separate cases to multiple counts of driving under the influence ("DUI"), fleeing or attempting to elude a police officer, driving while operating privileges suspended ("DUS"), one count of accident involving damage to attended vehicle, and related offenses.[1] Additionally, Thornton's counsel has filed briefs pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and petitions to withdraw. We deny counsel's petitions to withdraw, vacate the judgments of sentence, and remand for resentencing.

The trial court summarized the factual and procedural background of Thornton's convictions as follows:

> On February 23, 2020 at 7:45 p.m., a police officer responded to a call about a person inside a vehicle in front of a Tractor Supply [store] for four hours. The officer observed that [Thornton] was passed out in an awkward position in the vehicle while the lights were turned on and the engine was running. After [the officer woke up Thornton, he] provided identification, [and] the officer determined that he had a previous DUI [conviction]. After searching [Thornton's] person and his vehicle, the officer found various drug paraphernalia, a bag with a crystal-like substance, and a bag with a leafy substance. [Thornton] informed the officer that he had ingested marijuana and methamphetamine in the previous twenty-four hours. [Thornton] failed the sobriety tests but refused to submit to chemical testing. As a result of this incident, [Thornton] was charged [at docket 149 of 2020 with,

---

[1] ***See*** 75 Pa.C.S.A. §§ 3802(c), 3802(d)(2), 3733(a), 1543(b)(1)(i), 1543(b)(1.1)(i), 3743(a). Thornton also pled guilty to several summary traffic violations for which the trial court imposed fines.

*inter alia*, DUI—controlled substance, second offense and DUS under 75 Pa.C.S.A. § 1543(b)(1.1)(i).]

On November 18, 2020, an officer in a marked vehicle attempted to stop [Thornton] for driving at night without headlights. After the officer turned on his lights, [Thornton] fled and drove through red lights and blinking red lights in the process. [At that time, Thornton] was driving while his license was suspended from a previous DUI. [At docket] 74 of 2021, [Thornton] was charged with[, *inter alia*, fleeing or attempting to elude a police officer and DUS under 75 Pa.C.S.A. § 1543(b)(1)(i).]

[O]n March 16, 2021, [while again attempting to flee from a police officer, Thornton] collided with another vehicle at the intersection of West Main Street and North Main[ S]treet in Youngsville. [Thornton] left his vehicle and ran from the scene of the accident without assisting the driver of the other vehicle. He continued to run after an officer commanded that he stop. [Thornton] had a [blood-alcohol content] of 0.17 during this incident. He was once again driving while his license was suspended due to a previous DUI. [Thornton] was charged [at docket 75 of 2021] with[, *inter alia*, flight to avoid apprehension, accident with damage to attended vehicle/property, DUI—highest rate, third offense, and DUS under 75 Pa.C.S.A. § 1543(b)(1)(i).]

Trial Court Opinion, 12/1/21, at 1-3.

Thornton entered open guilty pleas in all three cases, and the trial court sentenced him to an aggregate term of 69 months plus 270 days to 192 months plus 270 days of imprisonment, which included consecutive "flat" sentences of ninety days of incarceration for the three counts of driving while operating privileges suspended.[2] Thornton timely filed motions to reconsider

_____

[2] The trial court's original sentencing order miscalculated the aggregate sentence of imprisonment as 69 months plus **180 days** to 192 months to **180 days**. After Thornton appealed, the court amended the sentencing order to correct the references to 180 days to **270 days** for the three consecutive sentences for DUS. Because the trial court corrected an obvious mathematical

the sentence, which the trial court denied. Thornton timely appealed, and both Thornton and the trial court complied with Pa.R.A.P. 1925. In this Court, Thornton's counsel filed **Anders** briefs and petitions to withdraw from representation.

Thornton's counsel identifies the following issues:

1. Whether the trial court erred and abused its discretion by sentencing [Thornton] to consecutive sentences instead of concurrent sentences?

2. Whether the trial court erred and abused its discretion at sentencing by denying [Thornton] of RRRI eligibility?

**Anders** Briefs at 8.

When presented with **Anders** briefs, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, he/she must do the following:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

---

error, we consider the amended sentencing order as controlling in this appeal. **See Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007) (holding that the jurisdictional limitations in 42 Pa.C.S.A. § 5505 do not impinge on the inherent power of the courts to correct a patent error).

*Commonwealth v. Edwards*, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of *Anders*, *i.e.*, the contents of an *Anders* brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Edwards*, 906 A.2d at 1228 (citation omitted).

Here, Thornton's counsel avers in his petitions to withdraw that he has carefully reviewed the entire record and concluded that the appeal is frivolous. Counsel further avers that he mailed Thornton copies of the petitions and the *Anders* briefs, as well as correspondence explaining Thornton's right to retain private counsel or proceed *pro se* and raise any additional arguments he believes are meritorious. Counsel's *Anders* briefs include a summary of the facts and procedural history of the cases, a list of issues that could arguably

support Thornton's appeal, and counsel's analysis of why the issues lack merit, with citations to the record and legal authority. We conclude counsel has substantially complied with the requirements of the **Anders** procedure.[3] Accordingly, we will conduct an independent review to determine whether this appeal is wholly frivolous.

Counsel identifies challenges to the consecutive sentences and the trial court's conclusion that Thornton was not eligible for a sentence under the Recidivism Risk Reduction Act ("RRRI").[4]

Before addressing these challenges, we consider *sua sponte* the legality of the sentence for DUS at docket 149 of 2020. **See Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.3 (Pa. Super. 2009) (stating that this Court has the authority to address an illegal sentence *sua sponte*). When considering the legality of a sentence, this Court's standard of review is *de novo*, and the scope of review is plenary. **Commonwealth v. Sebolka**, 205 A.3d 329, 345 (Pa. Super. 2019).

Here, Thornton pled guilty at docket 149 of 2020 to DUS under 75 Pa.C.S.A. § 1543(b)(1.1)(i), and the trial court sentenced him to pay a fine of $1,000 and serve ninety days of imprisonment. In **Commonwealth v. Eid**,

---

[3] Counsel did not attach his letters to Thornton to his petitions to withdraw, but attached copies of the letters are attached to the **Anders** briefs. We note, however, that Thornton was not included in the certificate of service attached to counsel's briefs. We nevertheless decline to direct counsel to file new letters advising Thornton of his appellate rights given our disposition.

[4] 61 Pa.C.S.A. §§ 4501-4512.

249 A.3d 1030 (Pa. 2021), our Supreme Court held that section 1543(b)(1.1)(i), is unconstitutionally vague as currently drafted because it fails to specify a maximum term of imprisonment and, therefore, only permits a court to lawfully impose a mandatory fine of $1,000. **See Eid**, 249 A.3d at 1044. Therefore, we must vacate the sentence of imprisonment for DUS at docket 149 of 2020. **See id**. Because the trial court imposed a consecutive sentence on this count, our decision upsets the court's overall sentencing scheme, and we will remand for resentencing.[5] **See Commonwealth v. Tanner**, 61 A.3d 1043, 1048 (Pa. Super. 2013).

---

[5] In light of our disposition, we decline to consider Thornton's intended challenge to the discretionary aspect of the sentence. As for Thornton's challenge regarding his RRRI eligibility, this raises a question of law. **See Commonwealth v. Finnecy** ("**Finnecy II**"), 249 A.3d 903, 912 (Pa. 2021). We agree with the trial court's analysis that Thornton's three prior resisting arrest convictions would render him ineligible for a RRRI sentence. **See Commonwealth v. Finnecy** ("**Finnecy I**"), 135 A.3d 1028, 1037 (Pa. Super. 2016) (holding that a prior conviction for resisting arrest demonstrates violent behavior under the RRRI statute); **see also Finnecy II**, 249 A.3d at 916 (holding that a history of violent behavior rendering a defendant RRRI ineligible requires more than one prior conviction for resisting arrest). The certified record, however, contains no supporting evidence of Thornton's prior convictions, such as a presentence report, or a clear statement of the basis for Thornton's prior record at the sentencing hearing.

The parties shall also consider the effect of **Commonwealth v. White**, 268 A.3d 499, 501 (Pa. Super. 2022) (holding that section 1543(b)(1)(i) specifies the range of a defendant's maximum sentence with sufficient clarity to avoid the vagueness issue discussed in **Eid**), on the legality of flat sentences on the remaining two DUS counts under 75 Pa.C.S.A. § 1543(b)(1)(i). We also observe that on each of these two counts, the trial court imposed fines of $300, although section 1543(b)(1)(i) sets a mandatory fine of $500. **See** 75 Pa.C.S.A. § 1543(b)(1)(i).

For these reasons, we deny counsel's petition to withdraw, vacate the judgments of sentence, and remand for resentencing consistent with this memorandum.

Judgments of sentence vacated.   Case remanded for resentencing. Petition to withdraw denied.   Jurisdiction relinquished.[6]
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/9/2022

---

[6] Given the procedural posture of this matter, the parties shall have full post-sentence and appellate rights following resentencing.  ***See Mitchell***, 986 A.2d at 1244.