J-S15022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH T. PECIKA | : | |
| | : | |
| Appellant | : | No. 1475 MDA 2022 |

Appeal from the Judgment of Sentence Entered September 7, 2022
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0000880-2021

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                    **FILED: OCTOBER 13, 2023**

Appellant, Joseph T. Pecika, appeals from the judgment the Court of Common Pleas of Schuylkill County entered on September 7, 2022.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the relevant background as follows.

> On April 14, 2022, a jury found [Appellant] guilty of driving while operating privilege is suspended or revoked. [75 Pa.C.S.A. § 1543(b)(iii)[1]].  [The trial court] also found [Appellant] guilty of driving without a license and operating a vehicle without a valid inspection.  A

---

[1] Section 1543(b)(1)(iii) of the Vehicle Code provides that "[a] third or subsequent violation of this paragraph shall constitute a misdemeanor of the third degree and, upon conviction of this paragraph, a person shall be sentenced to pay a fine of $2,500 and to undergo imprisonment for not less than six months."

pre-sentence investigation report was completed and [Appellant] was sentenced on September 7, 2022. . . . As a third or subsequent offense of 1543(b)(iii), [Appellant] was facing a mandatory 6-12 month prison sentence.

Based on [Appellant]'s extensive driving record, unwillingness to accept responsibility, and obvious disregard for the Vehicle Code, the [trial court] did not find [Appellant] was an appropriate candidate to serve the entire sentence on electronic monitoring. Instead, [the trial court] sentenced [Appellant] to 6-12 months with the first 60 days to be served in the Schuylkill County Prison and the last 4 months to be served by way of house arrest.

. . . [Appellant] filed a motion for reconsideration again requesting electronic monitoring to which the Commonwealth objected and which was denied. [Appellant] then filed an appropriate notice of appeal to the Superior Court of Pennsylvania. [The trial court] ordered [Appellant] to file a concise statement of matters complained of on appeal which has not been filed.

As no concise statement has been filed, it is impossible for [the trial court] to guess as to what issues [Appellant] wishes to raise.

Trial Court Opinion, 11/23/22, at 1-2 (footnotes and unnecessary capitalization omitted).

The question presented in the *Anders* brief is "whether the verdict is contrary to law".[2] Before we address the merits of this challenge, however, we must consider the adequacy of counsel's compliance with *Anders* and

---

[2] Ordinarily we might find waiver based upon a question so broadly stated to not allow this Court to identify the issues raised on appeal. *See Lackner v. Glosser*, 892 A. 2d 21 (Pa. 2006) (an appellate court will ordinarily not consider any issue if it has not been set forth in or suggested by an appellate brief's Statement of Questions Involved. Pa.R.A.P. 2116(a)). Given the relative simplicity of Appellant's brief and our ability to discern the very brief arguments presented, and in light of our own obligation to independently review the record to determine whether any other non-frivolous issues could have been raised on appeal, we decline to find waiver. *See id.*

*Santiago*. *Commonwealth v. Washington*, 63 A.3d 797, 800 (Pa. Super. 2013); *see also Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) (stating, "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
> (3) set forth counsel's conclusion that the appeal is frivolous; and
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014).

Counsel's brief substantially complies with these requirements by (1) providing a summary of the procedural history and facts; (2) referring to matters of record relevant to this appeal; and (3) explaining why the appeal is frivolous. Counsel also sent his brief to Appellant with a letter advising him

- 3 -

of the rights listed in **Orellana**. Accordingly, all **Anders**' requirements are satisfied.

We now proceed to examine the issue counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*) (quotation omitted).

Although not a model of clarity, counsel's **Anders** brief recites that the scope and standard of review is whether the weight of the evidence was sufficient to sustain a conviction.[3] The sole question presented for review "Is

_____

[3] Counsel incorrectly states the scope and standard of review when challenging the legality of a sentence before this Court. **See Anders** Brief - Statement of the Scope and Standard of Review, at 3. Our standard of review over such questions is *de novo* and our scope of review is plenary. **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014). Elsewhere in Appellant's brief, counsel also suggests, in a single sentence, that Appellant's conviction is unsupported by sufficient evidence, **see Anders** Brief - Summary of Argument, at 7. A brief's statement of our scope and standard or review and summary of argument are not the appropriate places in a brief to raise and preserve issues for review. **See** Pa.R.A.P. 2111, 2116, 2118. These two claims were not repeated or developed in the argument section of the brief. It appears, therefore, that the claims were abandoned. Assuming that those claims were not abandoned, no relief nonetheless would be due.

Regarding a weight claim, the record fails to show that Appellant raised the challenge in a proper and timely manner. **See** Pa.R.Crim.P. 607(A). Indeed, it appears the issue was only briefly mentioned in passing for first time in the **Anders** brief. As such, the claim is waived. **See**, **e.g.**, **Commonwealth v. Weir**, 201 A.3d 163, 167 (Pa. Super. 2018).

Regarding a sufficiency claim, which likewise only appears in a brief sentence in the **Anders** brief, the Commonwealth presented evidence that Appellant was driving a motor vehicle on a highway or trafficway of this Commonwealth
*(Footnote Continued Next Page)*

whether the verdict is contrary to law." In the body of the *Anders* brief counsel identifies issues that arguably could support the instant appeal as a) whether Appellant's sentence is illegal because the jury did not determine the number of prior convictions underlying Appellant's sentence, and b) whether Section 1543(b)(iii) of the Vehicle Code, under which Appellant was convicted of a third degree misdemeanor, is unconstitutionally vague. We proceed to address these issues, summarily dismissing any weight and sufficiency claims as discussed, *supra* at n.3.

Appellant's challenge that Section 1543(b)(1)(iii) is unconstitutionally vague is premised upon the argument that the statute only provides a specific term for the minimum sentence but does not specify a maximum term of incarceration, thus implicating the legality of his sentence. *See Commonwealth v. White*, 268 A.3d 499, 500 (Pa. Super. 2022). As counsel correctly points out, this claim has been addressed by our courts on several occasions and found not to have any merit. *See*, *e.g.*, *Commonwealth v. Rollins*, 292 A.3d 873, 880 (Pa. 2023) ("this Court holds that Section 1543(b)(1)(iii) is not unconstitutionally vague in violation of due process

---

while his license was suspended. The Commonwealth also presented evidence that notice of the suspension had been mailed to Appellant, and that the underlying violation constituted a third or subsequent violation of Section 1543. Given the evidence presented at trial, and given the standard for reviewing sufficiency claims, we would have concluded that the evidence was sufficient to support Appellant's conviction under Section 1543(b)(1)(iii).

- 5 -

principles, as a maximum sentence may be inferred by applying the general guidelines set forth in the Crimes Code.").

We likewise agree with counsel's representation that Appellant's claim that his sentence is illegal because the increase in the applicable mandatory minimum sentence based on Appellant's prior convictions should have been submitted to the jury, also is without merit. In ***Alleyne v. United States***, 570 U.S. 99 (2013), the Supreme Court of the United States held that "facts that increase mandatory minimum sentences must be submitted to the jury." ***Alleyne***, 570 U.S. at 116. ***Alleyne***, however, did not disturb the Supreme Court's previously recognized exception that a *previous conviction* need not be determined by a fact-finder beyond a reasonable doubt, but that prior convictions may be determined by the court. ***Id.*** at 570 U.S. 111 n.1 (emphasis added). ***See also Commonwealth v. Reid***, 117 A.3d 777, 784-85 (Pa. Super. 2015) (same).

We therefore find that the issues presented in counsel's ***Anders*** brief are in fact frivolous and without merit.

Finally, after conducting a full examination of all the proceedings as required pursuant to ***Anders***, we discern no other non-frivolous issues to be raised on appeal. ***Yorgey***, 188 A.3d at 1195.

Accordingly, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/13/2023