J-A27006-25                    2026 PA Super 27

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
                             :
          v.                 :
                             :
                             :
                             :
JOHN CHARLES-RICHARDSON       :
                             :
          Appellant          :       No. 2178 EDA 2024

Appeal from the Judgment of Sentence Entered July 22, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001534-2016

BEFORE:  BOWES, J., MURRAY, J., and BECK, J.

OPINION BY BOWES, J.:                **FILED FEBRUARY 11, 2026**

John Charles-Richardson appeals from the judgment of sentence imposed upon revocation of his probation.  We vacate and remand with instructions.

The following pertinent facts are undisputed.  After violating probation imposed as part of his initial sentence in this matter, Appellant was sentenced on May 22, 2022, to six to twelve months of incarceration, followed by three years of probation.  He was granted immediate parole which, based upon credit for time served, was set to expire on November 18, 2022, at which time the probationary tail of the sentence would commence.

Before his supervision converted from parole to probation, a warrant for Appellant's arrest on new charges was issued on September 25, 2022.  The trial court scheduled a revocation hearing for October 17, 2022, but Appellant failed to appear.  He remained unsupervised as an absconder until he was

arrested in Chester County on January 13, 2024, for flight to avoid apprehension. Appellant pled guilty to that offense and was sentenced on April 25, 2024, by the Chester County Court of Common Pleas to time served to twenty-three months.

Appellant was transferred back to Philadelphia County four days later. On May 1, 2024, the absconder warrant was lifted, a detainer lodged, and violation proceedings scheduled. At the subsequent hearing, the trial court revoked Appellant's probation and imposed a new sentence of two to fourteen years of imprisonment, followed by one year of probation. The next day, Appellant filed a motion to vacate both the sentence and the revocation. Observing that the violations upon which the court founded revocation occurred while Appellant was on parole, he asserted that the anticipatory probation revocation was illegal pursuant to **Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021) (*en banc*) (holding that there is no statutory authorization for the revocation of an order of probation for violations of its conditions committed before it commenced). The trial court promptly denied the motion.

On July 31, 2024, Appellant filed a motion for reconsideration of sentence: (1) reiterating his **Simmons** claims, maintaining that the court could only revoke his parole and sentence him to back time; and (2) alternatively contending that his sentence was excessive and otherwise contrary to sentencing norms. The court did not rule upon the second post-

trial motion before Appellant filed this timely appeal on August 19, 2024. The trial court did not order him to file a Pa.R.A.P. 1925(b) statement, and he submitted none. However, the court authored a Rule 1925(a) opinion addressing both issues raised in Appellant's July 31, 2024 motion.

Appellant presents one issue for this Court's resolution: "Was not the carceral sentence imposed for a probation violation illegal because the violations upon which the sentence was based occurred while [Appellant] was still in his parole period, which was tolled when he absconded?" Appellant's brief at 3.

We begin by noting that whether Appellant's sentence is illegal is a question of law subject to *de novo*, plenary review. *See*, *e.g.*, *Commonwealth v. White*, 268 A.3d 499, 500 (Pa.Super. 2022). A sentence is illegal if it is imposed without statutory authority. *See Commonwealth v. Prinkey*, 277 A.3d 554, 561 (Pa. 2022).

The statutory authority for the revocation of probation is found at 42 Pa.C.S. § 9771(b), which provides as follows:

> The court may increase the conditions, impose a brief sanction under [§] 9771.1 (relating to court-imposed sanctions for violating probation) or revoke an order of probation upon proof of the violation of specified conditions of the probation. Subject to [limitations not implicated in the case *sub judice*], upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation. The attorney for the Commonwealth may file notice at any time prior to resentencing of the Commonwealth's intention to proceed under an applicable provision of law requiring a mandatory minimum sentence.

42 Pa.C.S. § 9771(b).[1]

Our Supreme Court interpreted this provision in **Commonwealth v. Rosario**, 294 A.3d 338 (Pa. 2023), to unambiguously state a "legislative intent to permit the revocation of probation only after the relevant probationary term has begun." **Id**. at 347. Accordingly, it agreed with our decision in **Simmons** and held that "the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law." **Id**. at 356.

Appellant maintains that he had not begun serving his probationary sentence at the time he committed the acts upon which his revocation was founded, but rather had still been on parole when a warrant issued on new charges in September 2022. Further, he cites this Court's decisions in **Commonwealth v. Ortega**, 995 A.2d 879 (Pa.Super. 2010), *disapproved of on other grounds by* **Commonwealth v. Foster**, 214 A.3d 1240 (Pa. 2019), and **Commonwealth v. Stafford**, 29 A.3d 800 (Pa.Super. 2011), for the proposition that his sentence tolled during the time that he remained in absconder status.

_____

[1] This statute was amended twice between the time of Appellant's violations and the time his probation was revoked, most notably to limit the maximum periods of confinement available for a first and second technical violation. However, the changes have no bearing on whether the court had the authority to anticipatorily revoke Appellant's probation based upon the commission of new offenses.

Consequently, he argues that, at the time of his 2024 Chester County arrest and conviction, his term of parole had not expired and his probationary tail had not begun to run. *See* Appellant's brief at 9-12. Therefore, the only option available to the trial court was to revoke his parole and recommit him to serve the remaining back time; the anticipatory revocation of his probation and the new sentence imposed in its place were illegal. *Id*. at 12-14 (citing, *inter alia*, **Rosario**, **Simmons**, and **Commonwealth v. Holmes**, 933 A.2d 57, 59 n.5 (Pa. 2007) (noting that, while the revocation of probation allows a court to enter a new sentence, "a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of imprisonment[;] . . . [t]here is no authority for giving a new sentence with a minimum and maximum" (cleaned up)).

The trial court agreed with Appellant's representations concerning his fugitive status, explaining:

> Appellant was scheduled to appear before this court for violation of his parole based on serious new charges. Instead he absconded from this court and his parole. At the point when he absconded in September of 2022, Appellant's parole was set to expire in less than two months (November 18, 2022). With full knowledge that he was due in court, and that he was still on parole, Appellant fled to another county without attempting to notify the court to address his fugitive status or his preexisting violation of parole, report his change of address or make any effort to comply with the terms of his supervision. During his time as a fugitive Appellant was arrested and convicted of new charges in Chester County. He was paroled on those charges, but was still an absconder. A month after his sentencing in Chester County, he was arrested in Philadelphia on new charges on May 24, 2024, for conduct occurring in September of 2022. He did not turn

- 5 -

himself in at any point, and only came back before this court because of that new arrest.

Trial Court Opinion, 1/7/25, at 2-3.

The court acknowledged that *Rosario* and *Simmons* provide "that when revoking parole, a court may not make an anticipatory revocation of a consecutive sentence of [probation]." *Id*. at 3. However, it deemed it significant that "[n]either *Rosario* nor *Simmons* involve[d] a fugitive like Appellant[.]" *Id*. The court posited "that by fleeing the court and his supervision, Appellant forfeited any entitlement to seek succor in the [fifteen]-month lacuna he created with his deliberate flight." *Id*. It supported its finding with reference to "the 'fugitive forfeiture rule,' which 'provides that the fugitive from justice may not seek relief from the judicial system whose authority he or she evades.'" *Id*. (quoting *Commonwealth v. Adams*, 200 A.3d 944, 950 (Pa. 2019)). The court thus opined that "the circumstances here warrant application of the fugitive forfeiture rule and provide an appropriate exception to *Rosario* and *Simmons*." *Id*.

For its part, the Commonwealth agrees that Appellant absconded from parole supervision more than one month before he was set to begin probation, and that the "court appears not to have had authority to revoke probation for a violation that occurred while defendant was still serving parole[.]" Commonwealth's brief at 8. It notes that it "has no quarrel with the logic of the [trial] court's reasoning" that it is "unjust for a defendant to receive the benefit of limiting the court to imposing mere months of back time after his

- 6 -

flagrant evasion of the court's supervision for a year and a half." *Id*. at 8 n.6. Nonetheless, the Commonwealth concedes that "that it is not aware of any authority extending the fugitive forfeiture rule beyond the right to file post-trial motions or seek appellate review." *Id*. (citing **Commonwealth v. Matthews**, 331 A.3d 1, 3–4 (Pa.Super. 2025) (collecting cases)). Therefore, the Commonwealth does not oppose a remand for resentencing, although it suggests that Appellant "is not entitled to credit for any street time—after his release on May 13, 2022—that he spent on parole." *Id*. at 8.

Upon review, we conclude that Appellant's probation revocation and new sentence are illegal and must be vacated pursuant to **Rosario** and **Simmons**. This Court encountered a similar situation in **Commonwealth v. Gredic**, 329 A.3d 652, 2024 WL 4579423 (Pa.Super. 2024) (non-precedential decision), and reached the same result. In that case, Gredic was sentenced by the Philadelphia Court of Common Pleas in March 2021 to time served to twenty-three months of incarceration, followed by two years of probation. After he missed a mandatory parole meeting that October, the court issued a bench warrant and determined that he had absconded. Gredic was arrested in Chester County for a federal firearms violation in May 2022 for which he was sentenced in December 2022 to eighteen months of incarceration with a subsequent three years of supervised release. In February 2023, the Philadelphia trial court held a probation violation hearing founded upon the federal offense, revoked Gredic's probation, and imposed a new sentence of

two and one-half to five years of incarceration. Gredic appealed, contending

that his sentence was illegal. This Court concurred, explaining:

> The parties agree that the federal crime was committed while [Gredic] was on parole and that the trial court did not have the authority to anticipatorily revoke [his] probation. Indeed, the parties agree that the earliest expiration of [Gredic]'s parole would have been April 13, 2022, *i.e.*, 23 months from his arrest (May 13, 2020). Thus, had [he] not absconded, the May 22, 2022 arrest would have constituted a violation of the term of his probation.
>
> However, [Gredic] absconded from parole sometime in September or October 2021. While he was an absconder, [his] sentence was tolled. **See**, **e.g.**, [**Stafford**, 29 A.3d at 804] ("a defendant's sentence does not run while he is an absconder and not under supervision") (citation omitted); [**Ortega**, 995 A.2d at 885] ("the courts of this Commonwealth have long rejected the notion that the sentence of an absconder or delinquent parolee continues to run, as if it were being served, to the point of expiring on its scheduled expiration date")[.]
>
> Because [Gredic] was still on parole when the new offense occurred, the trial court lacked the authority to anticipatorily revoke [his] probation. **See**, **e.g.**, [**Rosario**, 294 A.3d at 356] ("the anticipatory revocation of a probation sentence that has yet to start is illegal under Pennsylvania law"); [**Simmons**, 262 A.3d at 527-28] (holding that a trial court may not anticipatorily revoke probation when a defendant commits a violation of his supervision while on parole but before the probationary period has begun).

*Id*. at *2 (citations to the parties' briefs omitted). Therefore, we vacated

Gredic's judgment of sentence and remanded for the court to reinstate the

original order of probation and conduct a parole violation hearing. **Id**.

The case *sub judice* is materially indistinguishable from **Gredic**.

Appellant also absconded from parole and was convicted of new charges while

he remained a fugitive. The incarceration/parole portion of his sentence was

tolled until he returned to the trial court's jurisdiction in accordance with *Stafford* and *Ortega*. As such, Appellant was not subject to his order of probation, or its conditions, at the time of any of the underlying violations. Pursuant to *Rosario* and *Simmons*, the trial court thus lacked authority to revoke his probation based upon conduct Appellant committed while on parole.

Further, we cannot agree with the trial court that fugitive forfeiture caselaw justifies the anticipatory revocation. In sum, those cases provide: "A returned fugitive should not benefit from his fugitive status. Courts should not take extraordinary measures, such as granting motions to reinstate post-trial motions or requests to appeal *nunc pro tunc*, in order to accommodate fugitives who have now returned and wish to pursue post-trial measures." *Matthews*, 331 A.3d at 3 (cleaned up). While we appreciate the trial court's frustration, we discern in these cases no legal justification for giving a defendant the benefit of credit toward his sentence of incarceration while he was a fugitive in instances where doing so would allow the court to revoke probation in favor of more incarceration. Rather, we are persuaded that *Gredic* states the legally-proper analysis and result.

Therefore, we hold that the trial court lacked statutory authority to anticipatorily revoke Appellant's probation and impose a new sentence of incarceration. Hence, we are compelled to find that Appellant's judgment of sentence is illegal and must be vacated. We remand with instructions for the

court to reinstate the original order of probation and conduct a parole revocation hearing.[2] **See Gredic**, 2024 WL 4579423, at *2.

Judgment of sentence vacated. Case remanded with instructions to reinstate the original order of probation and for a parole violation hearing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/11/2026

_____

[2] Citing the amount of back time that had been remaining on his original sentence and the number of days he has remained in custody since he returned to Philadelphia, Appellant suggests that we "not only vacate the sentence and remand with instructions to reinstate the original order of probation, but to order that he be immediately released from custody." Appellant's reply brief at 1-2. However, we deem it more prudent to leave it to the trial court to calculate in the first instance the amount of time that had remained on Appellant's sentence and the credit he earned towards it during his post-revocation confinement.