J-S24040-25

2026 PA Super 120

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY WAYNE ISADORE | : | |
| | : | |
| Appellant | : | No. 1525 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 18, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000560-2021

BEFORE: NICHOLS, J., McLAUGHLIN, J., and LANE, J.

OPINION BY LANE, J.: **FILED: June 9, 2026**

Terry Wayne Isadore ("Isadore") appeals from the judgment of sentence imposed, following remand for resentencing by a prior panel of this Court, for driving while operating privilege is suspended or revoked–driving under the influence related[1] ("DUS-DUI") and related offenses. We affirm the convictions but vacate the judgment of sentence in part and remand for resentencing, consistent with our recent *en banc* decision in ***Commonwealth v. Lee***, ___ A.3d ___, 2026 WL 1101132 (Pa. Super. 2026) (*en banc*).[2]

---

[1] ***See*** 75 Pa.C.S.A. § 1543(b)(1)(i) (effective December 24, 2018 to January 2, 2024). As we discuss ***infra***, the Pennsylvania legislature has since twice amended Section 1543.

[2] On August 28, 2025, we issued an order staying disposition of this case pending this Court's *en banc* disposition in ***Commonwealth v. Blount***, 2729 EDA 2023, the companion case to ***Lee***. As this Court has issued decisions in ***Lee*** and ***Blount***, we now lift the stay and proceed to address this appeal.

On November 1, 2022, following a non-jury trial, the trial court found Isadore guilty of DUS-DUI under section 1543(b)(1)(i) of the Vehicle Code,[3] as well as driving while operating privilege is suspended or revoked ("DUS") count under subsection 1543(a),[4] and summary offenses.[5] On December 15, 2022, the trial court imposed a sentence of forty-five to ninety days' imprisonment, as well as a $500 fine, on the DUS-DUI conviction, and fines and costs on the remaining offenses.

Isadore filed a timely notice of appeal. On October 23, 2023, a prior panel of this Court issued a decision. We determined, *inter alia*, that the DUS-DUI sentence was illegal under subsection 1543(b)(1)(i), which required a sentence of "imprisonment for a period of not less than 60 days nor more than 90 days." *See Commonwealth v. Isadore*, 307 A.3d 677 (Pa. Super. 2023) (unpublished memorandum at 16), *appeal denied*, 326 A.3d 813 (Pa. 2024). The panel reasoned that Isadore's minimum sentence, of forty-five days, was

_____

[3] *See* 75 Pa.C.S.A. §§ 101-9805.

[4] *See* 75 Pa.C.S.A. § 1543(a).

[5] *See* 75 Pa.C.S.A. §§ 1301(a) (driving unregistered vehicle prohibited), 1501(a) (drivers required to be licensed), 1786(f) (operation of a motor vehicle without required financial responsibility), 3334(a) (turning movements and required signals), 4703(a) (operation of vehicle without official certificate of inspection).

- 2 -

less than sixty days.[6]  The panel thus vacated the judgment of sentence in part and remanded to the trial court for resentencing.

Isadore filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on September 24, 2024.

On October 18, 2024, the trial court conducted the resentencing hearing.  The Commonwealth and the trial court acknowledged this Court's remand to amend the minimum, forty-five day sentence, but both expressed uncertainty as to the parameters for the maximum sentence.  **See** N.T., 10/18/24, at 2-3.  The Commonwealth also referred to the general rule that a minimum sentence cannot exceed half the maximum sentence.[7]

Meanwhile, Isadore argued that the remand directive was illegal.  He reasoned that: (1) in **Commonwealth v. White**, 268 A.3d 499 (Pa. Super. 2022), this Court held that subsection 1543(b)(1)(i) required a **maximum** sentence to be sixty to ninety days; (2) here, the Superior Court panel remanded for the imposition of a minimum sentence greater than sixty days; but (3) in order "to comply with the Min/Max Rule," a sentence "would have to be 60 to 120" days, and thus violative of subsection 1543(b)(1)(i).  N.T.,

---

[6] Furthermore, the Superior Court panel concluded that the $200 fine for the other DUS conviction was illegal, as that offense and DUS-DUI merged for sentencing purposes.  The panel thus vacated this fine.

[7] **See** 42 Pa.C.S.A. § 9756(b)(1) (stating that a minimum sentence of confinement "shall not exceed one-half of the maximum sentence imposed").

- 3 -

10/18/24, at 3. Isadore further argued that section 1543(b)(1)(i) was unconstitutional as applied to him.

Ultimately, the trial court imposed a flat sentence of sixty days.[8] Isadore filed a timely post-sentence motion, which the trial court denied. Isadore then filed a timely notice of appeal. He and the trial court have complied with Pa.R.A.P. 1925.

Isadore presents three issues for our review:

I.    Whether [Isadore] was effectively denied his state and federal constitutional right to counsel on a case that carried a sentence of incarceration when he did not knowingly and intelligently waive his right to counsel in compliance with Pa.R.Crim.P. . . . 121 when, at the outset of trial, [Isadore] objected to proceeding with an attorney he had just met minutes prior. Appellate counsel was ineffective for not raising this issue on appeal, which is readily apparent from the record.

II.   Whether [Isadore's] sentence is illegal because at the time of re-sentencing on October 18, 2024, the trial court had been divested of jurisdiction since [Isadore's] Petition for Reconsideration of his Petition for Allowance of Appeal was still pending in the Supreme Court of Pennsylvania, having been timely filed as of October 9, 2024.

III.  Whether the Court sentenced [Isadore] to an illegal sentence by sentencing [Isadore] to a flat sentence of 60 days when 75 Pa.C.S.A. § 1543(b)(1)(i) does not mandate nor allow a flat

---

[8] At the sentencing hearing, the trial court stated on the record that it was imposing a $200 fine on the second DUS offense. As noted above, in the prior appeal this Court vacated that sentence because this offense merged with DUS-DUI. The written sentencing order, however, set forth "no further penalty" for the DUS conviction. Order, 10/18/24. We deem the written order to control. **See Commonwealth v. Brooker**, 103 A.3d 325, 329 n.4 (Pa. Super. 2014) (stating that "[i]t is axiomatic that if there is a conflict between the sentence imposed in open court versus that contained in the trial court's written order, the sentence in the written sentencing order controls").

sentence; when said sentence violates the min/max rule at 42 Pa.C.S. § 9756(b)(1); when there is no clear maximum; when said sentence violates 42 Pa.C.S. § 9756(c) and (c)(1); when under current precedent, 1543(b)(1)(i) remains constitutional only if it is interpreted that 60 to 90 days is a range within which the maximum sentence must fall; and thus, 75 Pa.C.S.A. § 1543(b)(1)(i) is inoperable, unconstitutionally vague in violation of state and federal due process principles, and fails to provide offenders with fair notice of the consequences for a particular crime.

Isadore's Brief at 5 (unnecessary capitalization omitted).[9]

While this appeal was pending, this Court granted *en banc* review in two matters, **Lee**, 2026 WL 1101132, and **Commonwealth v. Blount**, ___ A.3d ___, 2026 WL 1137941 (Pa. Super. 2026) (*en banc*) (unpublished memorandum), on the same illegal DUS-DUI sentencing claim posed by Isadore. Accordingly, we stayed the instant appeal pending resolution of **Lee** and **Blount**. As noted above, this Court has issued decisions in those matters, and we now proceed to review Isadore's appeal.[10]

In his first issue, Isadore argues that at trial, "he was effectively denied his state and federal constitutional right to counsel." Isadore's Brief at 17. Isadore maintains that at the start of trial, he "objected to proceeding with an attorney he had just met minutes" earlier, and who "was appointed the day"

---

[9] The Commonwealth has filed a letter stating it would not file a brief, and that it would rely on the trial court's opinion.

[10] We note that the *en banc* panel issued an opinion in **Lee** and an unpublished memorandum in **Blount**, reaching the same interpretation of subsection 1543(b)(1)(i) (discussed **infra**).

before, and Isadore had "no legitimate preparation time . . . to confer with his new attorney." *Id*. at 17-20. Although the trial court conducted a colloquy, Isadore contends "the record simply does not reflect [he] knowingly, intelligently, and voluntarily waived his right to counsel." *Id*. at 20.

The trial court reasoned that Isadore has waived this issue for our review because he could have, but did not, raise it in his initial appeal before this Court. We agree.

"[W]here a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed." *Commonwealth v. Lawson*, 789 A.2d 252, 253 (Pa. Super. 2001). Here, the prior panel remanded on one narrow issue: resentencing on Isadore's conviction of DUS-DUI. On remand, the trial court solely reviewed that issue. Isadore may not now raise, on appeal from the resentencing, a different issue. *See id*. Accordingly, we determine no relief is due on Isadore's first issue.

In reviewing Isadore's second issue, we first set forth the following relevant procedural history. After the Pennsylvania Supreme Court denied his petition for allowance of appeal, Isadore, represented by counsel, filed a *pro se* "Application for Reconsideration." By letter dated November 1, 2024, the Supreme Court advised Isadore that due to our rules prohibiting hybrid representation, it would not accept his *pro se* filing, but it notified his attorney that she could file a motion on his behalf. Isadore's counsel did not do so. As

stated above, the trial court conducted the resentencing hearing on October 18, 2024.

Presently on appeal, Isadore avers the underlying sentence is illegal because the trial court was "divested of jurisdiction since [his] petition for reconsideration of his petition for allowance of appeal was [timely filed] and still pending in the" Pennsylvania Supreme Court. Isadore's Brief at 28-29 (unnecessary capitalization omitted). We may review this issue, as a claim of a "lack of subject-matter jurisdiction can never be waived; it may be raised at any stage in the proceedings by the parties or by a court in its own motion." *Commonwealth v. Harris*, 230 A.3d 1124, 1126 (Pa. Super. 2020) (citation and emphasis omitted).

> We consider the applicable standard of review and relevant principles:
>
> Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary.
>
> Under Pennsylvania Rule of Appellate Procedure 1701(a), the filing of a notice of appeal divests the trial court of jurisdiction[, and] the trial court . . . may no longer proceed further in the matter. Pa.R.A.P. 1701.

*Id*. (some citations and quotation marks omitted).

> Additionally, we emphasize:
>
> In this Commonwealth, hybrid representation is not permitted. Accordingly, this Court will not accept a *pro se* motion while an appellant is represented by counsel; indeed, *pro se* motions have no legal effect and, therefore, are legal nullities. When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. . . .

- 7 -

*Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa. Super. 2016) (citations omitted).

As noted above, after the Pennsylvania Supreme Court denied Isadore's petition for allowance of appeal, he sent a *pro se* "Application for Reconsideration" to the Court. The Court advised Isadore that because he had counsel, our rules against hybrid representation prohibited the Court from accepting his *pro se* document for filing. We deem the *pro se* document a legal nullity, having no legal effect. ***See id***. We thus reject Isadore's present argument that the *pro se* document divested the trial court of jurisdiction to conduct the resentencing hearing. Thus, no relief is due on Isadore's second issue.

In his final issue, Isadore avers that his amended DUS-DUI sentence, of a flat sixty-day term, is illegal. He contends that: (1) subsection 1543(b)(1)(i) neither mandates nor allows a flat sentence; (2) subsection 1543(b)(1)(i) requires a maximum sentence not to exceed ninety days; (3) in **White**, 268 A.3d 499, this Court held that the maximum sentence must be sixty to ninety days; and (4) section 9756 of the Sentencing Code requires a minimum sentence not to exceed one-half of the maximum sentence imposed. Isadore then reasons that under the foregoing authority, the prior Superior Court's panel determination — that subsection 1543(b)(1)(i) required a minimum sentence of sixty days — was improper. Finally, Isadore asserts that because subsection 1543(b)(1)(i) fails to "specify the range of available sentences with

'sufficient clarity,'" it is unconstitutionally vague and therefore illegal. Isadore's Brief at 38.

We first set forth the version of subsection 1543(b)(1)(i) in effect at the time of Isadore's conviction:

> A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked [in connection with a DUI offense] shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to **undergo imprisonment for a period of not less than 60 days nor more than 90 days**.

75 Pa.C.S.A. § 1543(b)(1)(i) (emphasis added) (effective December 24, 2018 to January 2, 2024).[11]

In **Lee**, the trial court found the defendant guilty of DUS-DUI under the same version of subsection 1543(b)(1)(i) at issue in the instant appeal. **Lee**, 2026 WL 1101132 at *___. The trial court imposed fines and costs, but no

_____

[11] The Legislature has twice amended section 1543 since Isadore's conviction. The **Lee** decision summarized:

> [E]ffective December 22, 2025, Section 1543(b)(1)(i) was amended to provide for a flat sentence of 60 days in jail. . . . Effective [the same day], 42 Pa.C.S.A. § 9756 was also amended[ to include new subsection (c.2), which] provides, in relevant part: "[n]otwithstanding any other provision of law, a court may impose a determinate sentence under [the Vehicle Code] where the violation is graded as a summary offense and the maximum sentence of total confinement is 90 days or less." 42 Pa.C.S.A. § 9756(c.2) (effective December 22, 2025). . . .

**Lee**, 2026 WL 1101132 (unpublished memorandum at 22 n.7). A second amendment to section 1543(b)(1)(i), to take effect on April 30, 2026, did not disturb the above changes.

term of imprisonment on this conviction.  ***See id***.  The Commonwealth appealed to this Court.  The *en banc* panel concluded: "Section 1543(b)(1)(i) creates an unambiguous sentencing range . . . , where the minimum sentence must be 'not less than 60 days,' the statutory maximum sentence is 90 days, and the sentence must be indeterminate[,]" *i.e.*, not a single, flat sentence. ***Id***. at *____.  The panel expressly overruled ***White***, which held that "the phrase 'not less than 60 days nor more than 90 days' described the potential ***maximum***" sentence.  ***Id***. at *____ (emphasis added).

In so holding, the panel also rejected these alternative interpretations of the language of subsection 1543(b)(1)(i) — that:

> 1) the language delineates the range within which the maximum sentencing term must fall (thus permitting, for example, a possible sentence of 45 to 90 days in jail or, as occurred in this case, a sentence of zero days in jail); 2) the language creates the range within which the minimum sentencing term must fall (thus requiring a minimum sentence of between 60 and 90 days in jail, but not requiring any particular maximum sentence); 3) the language mandates a flat sentence, where the sentence must fall within the 60- to 90-day range (thus permitting, for example, a flat sentence of 70 days in jail)[.]

***Id***. at *____.  The ***Lee*** panel thus vacated the judgment of sentence and remanded for resentencing.  ***Id***. at *____.

After review in the instant matter, we conclude that the trial court's flat sentence, of sixty days' imprisonment for Isadore's DUS-DUI conviction, contravenes the new ***Lee*** decision.  Thus, we vacate the judgment of sentence as to that count and remand for resentencing consistent with ***Lee***.

For the foregoing reasons, we affirm Isadore's convictions, affirm the judgment of sentence in part, vacate the judgment of sentence in part, and remand for resentencing consistent with this opinion.

Convictions affirmed. Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/9/2026